UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PEOPLE OF THE
STATE OF MICHIGAN, *et al.*,

        Plaintiffs,

v.

JOSHUA THOMAS BOGGESS,

        Defendant.

Case No. 26-cv-11239
Hon. Matthew F. Leitman

_____/

## ORDER (1) GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 4); (2) SUMMARILY REMANDING CASE; AND (3) TERMINATING PLAINTIFF'S REMAINING MOTIONS AS MOOT (ECF Nos. 2, 5, 6)

Joshua Thomas Boggess is a criminal defendant in a pending state criminal prosecution in the 7th Judicial Circuit Court in Genesee County, Michigan.  On April 15, 2026, Boggess filed *pro se* the instant Notice of Removal in which he purported to remove his criminal prosecution to this Court. (*See* Notice, ECF No. 1.)  On April 16, 2026, Boggess filed an Application to Proceed Without Prepaying Fees or Costs. (*See* Application, ECF No. 4.)  He has also filed three motions on the docket.  Two of the motions are titled "Declaration of Joshua Thomas Boggess in Support of Notice of Removal and Motion for Protective Relief" and appear to have identical substantive content. (ECF Nos. 2, 5.)  The third motion is an "Emergency Motion for Protective Relief and to Stay Entry of Judgment Pending Determination of

1

Removal." (ECF No. 6.)   After reviewing Boggess's materials, the Court will **GRANT** the Application to Proceed Without Prepaying Fees or Costs and **SUMMARILY REMAND** this action back to the 7th Circuit Court.   Boggess's three pending motions (ECF Nos. 2, 5, 6) are therefore **TERMINATED AS MOOT**.

## I

The Court begins with Boggess's Application to Proceed Without Prepaying Fees or Costs (ECF No. 4).   Applications to proceed without the prepayment of fees or costs are governed by 28 U.S.C. § 1915(a)(1).   That statute provides that a federal court "may authorize the commencement […] of any suit, action, or proceeding […] by a person who submits an affidavit that includes a statement of all assets […] that the person is unable to pay such fees[.]" *Id.*

In Boggess's Application, he reports a very low income ($300/week) and a small amount of money ($1,000) in checking or savings. (*See* Application, ECF No. 4.)   The Court has reviewed the Application and is satisfied that the prepayment of the filing fee would cause an undue financial hardship on Boggess.   The Court therefore **GRANTS** the Application and permits Boggess to proceed *in forma pauperis*.

## II

The Court turns next to Boggess's Notice of Removal (ECF No. 1).  Boggess requests removal of his criminal prosecution that is pending in the 7th Judicial Circuit Court in Flint, Michigan. (*See* Notice, ECF No. 1, PageID.2-3.)

Removal of state-court criminal prosecutions is permissible only in "rare circumstances." *Thurmond v. Southfield Police Dep't*, No. 17-11148, 2017 WL 5892229, at *1 (E.D. Mich. Apr. 20, 2017).   Such removals are governed procedurally by 28 U.S.C. § 1455 and substantively by 28 U.S.C. § 1443.

Another Judge of this Court set forth the procedural requirements under Section 1455 as follows:

> A defendant seeking to remove a criminal prosecution from a state court must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1455(a). "A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or any time before trial, whichever is earlier . . . ." *Id.* at § 1455(b)(1). A notice of removal does not prevent the state court from proceeding with its case, *id.* at § 1455(b)(3), and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand," *id.* at § 1455(b)(4).

*Thurmond v. Langford-Morris*, No. 14-12701, 2014 U.S. Dist. LEXIS 200268, at *4–5 (E.D. Mich. Aug. 14, 2014).

Boggess failed to comply with these procedural requirements. More specifically, as he acknowledges, he did not file his Notice of Removal within 30 days of his arraignment. He says that that untimeliness should be excused because "the structural pattern now relied upon was not fully apparent at arraignment." (Notice, ECF No. 1, PageID.5.) But he provides little detail other than that the alleged wrongdoing "emerged over time." (*Id.*) The Court is not satisfied that there is any basis to excuse Boggess's failure to timely remove here.

In addition to this procedural flaw, Boggess's removal is substantively flawed. As noted above, the removal of criminal cases is substantively governed by 28 U.S.C. § 1443, which provides in relevant part as follows:

> Any of the following […] criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
> >
> > (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

4

Boggess does not claim to be prosecuted for an "act under color of authority derived from any law providing for equal rights, or from refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). Accordingly, Section 1443(1) is the only basis for removal. The Sixth Circuit has explained the test for removals under Section 1443(1) as follows:

> To remove his case to federal court under § 1443(1), [a state-court criminal defendant] must show that he cannot enforce his rights under a federal law that provides for equal rights in terms of racial equality. *See Georgia v. Rachel*, 384 U.S. 780, 792, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966). In addition, he must show that he cannot enforce those rights in the state courts. *See Johnson v. Mississippi*, 421 U.S. 213, 219, 95 S. Ct. 1591, 44 L. Ed. 2d 121 (1975).
>
> > [I]t is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be "denied or cannot enforce in the courts" of the State any right under a federal law providing for equal civil rights. . . . Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or

5

> federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.
>
> *City of Greenwood v. Peacock*, 384 U.S. 808, 827-28, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966).

*Thurmond v. Langford-Morris*, No. 14-2232, 2015 U.S. App. LEXIS 23410, at *2–3 (6th Cir. Apr. 28, 2015).

Boggess cannot remove this action under Section 1443(1) because he does not allege "that he cannot enforce his rights under a federal law that provides for equal rights in terms of racial equality." *Thurmond*, 2015 U.S. App. LEXIS 23410, at *2. Insofar as he alleges any wrongdoing, his allegations relate to perceived deficiencies in his arrest, bond conditions, and ongoing prosecution.  Neither his Notice of Removal nor any of the three motions he has filed on the docket link those perceived deficiencies to Boggess's equal rights to racial equality under federal law. (*See generally* Notice, ECF No. 1; Mots., ECF Nos. 2, 5, 6.)  Accordingly, removal of this action is not proper under Section 1443(1).

For all of the reasons explained above, the Court concludes that it "clearly appears on the face of [Boggess's] notice […] that removal should not be permitted[.]" 28 U.S.C. § 1455(b)(4).  The Court therefore **SUMMARILY REMANDS** Boggess's action back to the 7th Circuit Court. *See id.*  The Court likewise concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Finally, the Court **TERMINATES AS MOOT** Boggess's pending motions on the

docket (ECF Nos. 2, 5, 6).

   **IT IS SO ORDERED.**

                              s/Matthew F. Leitman
                              MATTHEW F. LEITMAN
                              UNITED STATES DISTRICT JUDGE

Dated:  April 27, 2026


I hereby certify that a copy of the foregoing document was served upon the parties
and/or counsel of record on April 27, 2026, by electronic means and/or ordinary
mail.

                              s/Holly A. Ryan
                              Case Manager
                              (313) 234-5126